UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| JAMES A. MILLANE,<br><br>    Plaintiff,<br><br>v.<br><br>RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP,<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT  2:18-cv-01175<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** the Plaintiff, James A. Millane ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, Rausch, Sturm, Israel, Enerson & Hornik, LLP, ("Defendant" or "Rausch") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and a violation of Plaintiff's Right of Privacy pursuant to Wis. Stat. §995.50.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the Wisconsin Invasion of Privacy claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of Wisconsin, Defendant conducts business in the Eastern District of Wisconsin, and all

1

of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant Rausch is a Wisconsin business entity with an address of 250 North Sunnyslope Road, Suite 300, Brookfield, WI 53005, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

**FACTS SUPPORTING CAUSE OF ACTION**

6. Before 2016, Plaintiff opened an account, ending in *419, and incurred a debt with WebBank ("subject debt").

7. Plaintiff subsequently defaulted on the subject debt.

8. Consequently, Cach, LLC. ("Cach"), acquired the subject debt for the sole purpose of collecting the subject debt from Plaintiff personally.

9. Before January 11, 2016, Enerson Law, LLC. ("Enerson") began attempting to collect the subject debt on behalf of Cach.

10. On January 11, 2016, Enerson sent Plaintiff a written notice in an attempt to collect on the subject debt. *See* Exhibit A, a true and correct copy of a dunning notice sent by Enerson to Plaintiff.

11. On March 26, 2016, cach, Represented by Defendant, filed a small claims proceeding against Plaintiff seeking to collect the subject debt.[1]

---

[1] *Cach, LLC v James Millane*, No. 16-CS-008934 (Milwaukee Cnty. Sm. Cl. Ct. Dec. 21, 2017)

12. On April 24, 2017, Plaintiff received a notice from Enerson that the subject debt, his WebBank account ending in *419, had been paid off in full. *See* Exhibit B, a true and correct copy of a letter sent from Enerson to Plaintiff.

13. On December 19, 2017, Plaintiff received a letter from Rausch stating that the judgement against him relating to the subject debt, Rausch File Number 2305488, was satisfied and that Rausch would be filing a satisfaction of judgement with the court. *See* Exhibit C, a true and correct copy of the letter sent to Plaintiff by Rausch.

14. Enclosed in the December 19, 2017 letter was a copy of the satisfaction of judgment Rausch was electronically filing with the court. *See* Exhibit D, a true and correct copy of the satisfaction of judgment sent to Plaintiff and filed with the Milwaukee County Circuit Court on December 19, 2017.[2]

15. Consequently, Plaintiff believed that all of his obligations relating to the subject debt were fulfilled and satisfied.

16. On June 7, 2018, approximately 6 months after the satisfaction was filed with the court, and over one year after Plaintiff received a notice his account was settled in full from Enerson, Plaintiff received a dunning notice from Rausch attempting to collect on the subject debt, the WebBank account ending in *419 and Rausch File Number 2805488. *See* Exhibit E, a true and correct copy of the dunning notice sent to Plaintiff by Rausch on June 7, 2018.

17. Defendant's collection effort was highly upsetting and confusing to Plaintiff as he was led to believe that his payments to Enerson settling the account in full and the satisfaction of the judgment against him had no binding legal effect.

---

[2] The satisfaction of judgment was also signed by Aimee S. Walsh, an attorney working for the Defendant.

18. All of Defendant's collection efforts occurred with actual knowledge of Plaintiff's settling of the account and satisfaction of the judgment.

19. Even still, Defendant brazenly sent a dunning letter to Plaintiff in an attempt to collect on the already collected subject debt.

20. Concerned about the violations of his rights, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts finally cease.

21. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's deceptive and misleading collection actions.

22. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the satisfied subject debt.

23. Plaintiff suffered from emotional distress and mental anguish due to Defendant's unlawful attempts to collect the paid in full subject debt as he was led to believe his settlement of the debt and satisfaction of the judgment had no effect.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. The Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

28. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

29. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant violated 15 U.S.C. §§1692e(2), e(5), e(8), e(10), e(11), f, and f(1) through its debt collection efforts on a debt that had already been paid in full.

    a. **Violations of FDCPA § 1692e**

31. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the time Defendant demanded payment by virtue of the payment in full to Enerson and the satisfaction of judgment filed with the court.

32. Defendant violated §1692e(5) when it threatened to take action against the Plaintiff that could not legally be taken. Specifically, Defendant's dunning letter stated that it could collect a debt Plaintiff had already satisfied in full. In addition, Defendant stated it had the ability to submit a negative credit bureau report to a credit reporting agency if Plaintiff failed to fulfill the terms of his credit obligations. *See,* Exhibit E.

33. Defendant violated §1692e(8) when it threatened to communicate false credit information that it knew or should have known to be false or inaccurate. Specifically, Defendant's dunning letter stated that it had the ability to submit a negative credit bureau report to a credit reporting agency if Plaintiff failed to fulfill the terms of his credit obligations. However, Plaintiff did not have any legal obligation to pay the subject debt as the account had been settled and the judgment satisfied. *See,* Exhibit E.

34. Defendant violated §1692e(10) when it used false representations and/or deceptive means to collect and/or attempt to collect the subject debt. The subject debt was not owed at the time Defendant demanded payment by virtue of the settled account and satisfied judgment.

35. Defendant violated §1692e(11) by failing to disclose in its dunning letter to Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose.

   b.  **Violations of FDCPA § 1692f**

36. Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. The subject debt was not owed at the time Defendant demanded payment by virtue of the settled account and satisfied judgment. Plaintiff did not have any legal obligation to pay the subject debt. Instead, Defendant attempted to dragoon the Plaintiff into making a payment by stating that nonpayment of the subject debt can result in the submission of a negative credit bureau report.

37. Defendant violated §1692f(1) by attempting to collect a debt that was uncollectible as a matter of law as the account was settled in full and the judgment fully satisfied.

38. As an experienced attorney and debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was already paid in full.

39. Upon information and belief, Defendant has no system in place to identify and cease collection of debts that have already been fully satisfied.

**WHEREFORE**, Plaintiff JAMES A. MILLANE respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

## COUNT II – INVASION OF PRIVACY BY INTRUSION

40. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

41. Wis. Stat. §995.50(2)(a) defines invasion of privacy as "intrusion upon the privacy of another of a nature highly offensive to a reasonable person, in a place that a reasonable person would consider private or in a manner which is actionable for trespass."

42. Defendant violated this statue when it sent a letter to the Plaintiff's demanding payment and threatening to negatively affect Plaintiff's credit for a debt that had already been settled in full. This constitutes a highly offensive intrusion into a place that a reasonable person would consider private.

**WHEREFORE**, Plaintiff JAMES A. MILLANE respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff equitable relief pursuant to Wis. Stat §995.50(1)(a);
c. Award Plaintiff compensatory damages pursuant to Wis. Stat. §995.50(1)(b);
d. Award Plaintiff reasonable attorney fees pursuant to Wis. Stat. §995.50(1)(c); and
e. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: July 31, 2018                                        Respectfully Submitted,

/s/ Omar T. Sulaiman                                        /s/ Marwan R. Daher
Omar T. Sulaiman, Esq.                                      Marwan R. Daher, Esq.
*Counsel for Plaintiff*                                     *Counsel for Plaintiff*
Sulaiman Law Group, LTD                                     Sulaiman Law Group, LTD
2500 S. Highland Avenue, Suite 200                          2500 S. Highland Avenue, Suite 200
Lombard, IL 60148                                           Lombard, IL 60148
Telephone: (630) 575-8141                                   Telephone: (630) 537-1770
osulaiman@sulaimanlaw.com                                   madaher@sulaimanlaw.com